# United States Tax Court

165 T.C. No. 4

ARTENA MOON AND KENNETH MOON,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21998-21.                    Filed September 10, 2025.

————

  In 2013 Ps purchased and began driving a new plug-in electric drive motor vehicle. I.R.C. § 30D provides a one-time credit of up to $7,500 for new qualified plug-in electric drive motor vehicles placed in service by the taxpayer during the taxable year. On returns relating to 2013 through 2019, Ps claimed the maximum $7,500 one-time I.R.C. § 30D credit. R disallowed the I.R.C. § 30D credit relating to 2019 and sent Ps a Notice of Deficiency. Ps filed a Petition contending that they were entitled to the credit relating to 2019.

  *Held*: Ps are not entitled to the I.R.C. § 30D credit relating to 2019 because the vehicle was placed in service in 2013.

————

Artena Moon and Kenneth Moon, pro sese.

*Shane R. Colegrove*, *Brian A. Pfeifer*, *Patsy A. Clarke*, and *Julie V. Skeen*, for respondent.

OPINION

FOLEY, *Judge*: The parties submitted this case fully stipulated pursuant to Rule 122. After concessions, the sole issue for decision is whether petitioners are entitled to the new qualified plug-in electric drive motor vehicle credit pursuant to section 30D relating to 2019 (year in issue). Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Background*

In 2013 petitioners purchased and began driving a new Chevrolet Volt, a plug-in electric drive motor vehicle manufactured primarily for use on public streets, roads, and highways. From 2013 through the year in issue, petitioners claimed a $7,500 section 30D credit relating to the Chevrolet Volt. In a Notice of Deficiency dated May 18, 2021, respondent disallowed the section 30D credit claimed on petitioners' 2019 federal income tax return, determined a deficiency of $7,500, and proposed a section 6662(a) accuracy-related penalty. Respondent subsequently conceded the accuracy-related penalty. Petitioners, while residing in California, timely filed their Petition disputing respondent's disallowance of the credit.

*Discussion*

Section 30D provides a one-time credit against tax of up to $7,500 for new qualified plug-in electric drive motor vehicles "placed in service by the taxpayer during the taxable year." I.R.C. § 30D(a). While section 30D does not define "placed in service," the phrase is defined in regulations relating to other sections of the Code. For example, the section 38 general business credit is allowed only for the taxable year in which the taxpayer first places section 38 property in service. *See* Treas. Reg. § 1.48-1(a). Section 38 property is placed in service the earlier of when "the period for depreciation with respect to such property begins" or the property "is placed in a condition or state of readiness and availability for a specifically assigned function." Treas. Reg. § 1.46-3(d)(1). With respect to the section 38 general business credit, this Court has held that property is placed in service when it is in a condition to be regularly used for its specifically assigned function. *See, e.g., Consumers Power Co. v. Commissioner*, 89 T.C. 710, 724 (1987) (holding that a

hydroelectric power plant was placed in service only once it had passed all required inspections and was regularly generating power); *Noell v. Commissioner*, 66 T.C. 718, 729 (1976) (holding that an airport runway was placed in service when it was fully paved and available for regular service); *Madison Newspapers, Inc. v. Commissioner*, 47 T.C. 630, 637 (1967) (holding that a printing press was placed in service when the unit was installed and regularly publishing newspapers).

Upon purchase, petitioners' vehicle was ready, available, and used consistently with its specifically assigned function. Accordingly, petitioners' Chevrolet Volt was placed in service in 2013. We note that prior to the year in issue, petitioners had claimed the maximum $7,500 one-time section 30D credit on their 2013, 2014, 2015, 2016, 2017, and 2018 tax returns. The credit was allowable only for the taxable year petitioners' vehicle was first placed in service. Petitioners certainly were not entitled to the credit relating to 2019.

Any contentions not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty.*